IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00291-MR

JAMARKUS R. LOTHARP-CRAWFORD,  )
               Plaintiff,  )
vs.  )
MOUNTAIN VIEW CORRECTIONAL INSTITUTION,  )   ORDER
               Defendant.  )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

**I.   BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing the medical care he received at the Mountain View Correctional Institution.[1] He names as the sole Defendant the Mountain View CI in its official capacity. [Doc. 1 at 2]. He appear to assert a § 1983 claim for deliberate indifference to a serious medical need, and a medical malpractice claim under North Carolina law. [Id. at 14]. He admits that he did not file

---

[1] The Plaintiff is presently incarcerated at the Marion Correctional Institution.

grievances addressing the concerns raised in the Complaint. [Id. at 17-18]. He explains that he did not do so "because [he] shouldn't ha[ve] to question about [his] meds" and because it is in the statewide computer system "so it's really … common sense." [Id. at 19]. He seeks compensatory damages and attorney's fees. [Id. at 14].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Individuals Not Named as Parties

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders these allegations nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

### B. Mountain View CI

The Plaintiff names as the sole Defendant the Mountain View CI. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58,

3

71 (1989). Thus, NCDPS facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009). Accordingly, the Plaintiff's claims against Mountain View CI are dismissed with prejudice.

**C.  Exhaustion**

The Plaintiff admits on the face of the Complaint that he did not file any grievances addressing the incidents described in the Complaint.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d

4

641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). A court may *sua sponte* dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

It is plain on the face of the Complaint that the Plaintiff failed to exhaust his claims because, as he states, he did not feel he should be required to address these matters in grievances. Accordingly, the Plaintiff's claims are unexhausted and will be dismissed without prejudice.

**D. Supplemental Jurisdiction**

The Plaintiff appears to assert a claim of medical malpractice under North Carolina law. [Doc. 1 at 14].

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to

5

try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

No federal claim has passed initial review, and the Plaintiff has failed to identify a Defendant against whom such a claim could proceed. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's North Carolina medical malpractice claim at this time.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Mountain View CI with prejudice. The remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that his claims are not unexhausted and to otherwise properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** except for the claims against Defendant Mountain View CI, which are **DISMISSED WITH PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

3. The Clerk is respectfully instructed to mail Plaintiff a blank § 1983 form.

**IT IS SO ORDERED**.

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge