IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00291-MR

| | |
|---|---|
| JAMARKUS R. LOTHARP-CRAWFORD, ) ) ) Plaintiff, ) ) vs. ) ) MOUNTAIN VIEW CORRECTIONAL ) INSTITUTION, *Medical Staff, all* ) *associates of the Medical Unit, in* ) *their official capacity*, ) ) Defendant. ) | ORDER |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I. BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing the medical care he received at the Mountain View Correctional Institution.[1] On January 3, 2022, the Complaint was dismissed on initial review because the Plaintiff named as the sole Defendant the Mountain View CI, which is not a "person" under § 1983. [Doc. 8]. The Court noted that it appeared from the face of the Complaint that the Plaintiff had failed to

---

[1] The Plaintiff is presently incarcerated at the Marion Correctional Institution.

exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). [Id.]. The Plaintiff was granted 30 days to file an Amended Complaint to show that his claims are not unexhausted and to properly state a claim upon which relief can be granted. [Id.]. He was cautioned that, "[s]hould [he] fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff." [Doc. 8 at 6].

The Plaintiff filed the Amended Complaint on February 23, 2022.[2] He names as the Defendants, in their official capacity, "Medical Staff in all of Mt. View CI, all associates of the Medical Unit."[3] [Doc. 9 at 2, 4]. He claims that he went without his "chronic medication" for about a week during August 2021 because "medical staff" was "careless…." [Id. at 4]. As a result, his "body had started deflating" and he "ran fevers, fatigue, night sweats … from the virus not being treated on the correct levels;" he "vomited violently for days;" and he suffered "great physical and mentally dealousions [sic] and pain for almost two weeks plus." [Id. at 5]. In an addendum to the Amended Complaint, the Plaintiff further claims that he found saliva in his meal on one

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

[3] The Plaintiff alleges that two medical personnel are named "Thomas" and that other staff refused to give the Plaintiff their names. [Doc. 9 at 4].

2

occasion, causing him to go without food for 12 or 13 hours; that he was shipped to the Rehabilitative Diversion Unit (RDU) at Marion CI without notice; that his property was destroyed and misplaced; and that he was forced to plead guilty to a disciplinary infraction from Eastern CI. [Doc. 9-1 at 1-3]. As relief, the Plaintiff seeks damages and legal fees. [Doc. 9 at 5].

With regard to exhaustion, the Plaintiff explains that he did not file grievances because: "Lt Riddle and the staff over the grievance board" disposed of grievances from inmates on long-term isolation blocks; he "felt like it would be useless to try and file a grievance;" and he did not want to waste time due to his "health and mental status." [Id. at 7-8].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As a preliminary matter, the Amended Complaint was filed 21 days late and, for that reason alone, it is subject to dismissal. [See Doc. 8]. However, the Court declines to dismiss on that basis alone and will review the Amended Complaint for frivolity.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff has named as Defendants in their official capacity the "Medical Staff in all of Mt. View CI." [Doc. 9 at 2]. A prison department is not a person within the meaning of § 1983. [See Doc. 8 at 3-4]. Giving the Plaintiff the benefit of a very generous inference, the Court construes this to

4

mean that the Plaintiff intended to name John and Jane Doe medical staff members rather than the department itself, this official capacity suit is, in substance, a suit against the entity and is barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hutto v. S.C. Retirement Sys., 773 F.3d 536, 549 (4th Cir. 2014) (state officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State).

Even if the Plaintiff had named a Defendant against whom this lawsuit could proceed, he has failed to state a sufficient § 1983 claim. He appears to assert deliberate indifference to a serious medical need. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a

health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Here, the Plaintiff's conclusory allegations that he went without medication for an unnamed virus for a week due to staff's carelessness fails to plausibly present a claim that any Defendant knew of, and deliberately ignored, a serious medical need. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (a disagreement between an inmate and a physician over the inmate's proper medical care falls short of showing deliberate indifference); Miltier, 896 F.2d at 852 (mere negligence or malpractice does not violate the Eighth Amendment).

Moreover, the Plaintiff's deliberate indifference claim is unexhausted on the face of the Amended Complaint. [See Doc. 8 at 4-5]. The Plaintiff appears to argue that it would have been futile for him to file a grievance, however, futility is not an exception to the PLRA's exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

6

Case 1:21-cv-00291-MR Document 10 Filed 03/07/22 Page 6 of 7

Finally, the Plaintiff alludes to incidents involving disciplinary charges, a contaminated meal, and his placement in the RDU program. However, these claims are vague and conclusory, and the Plaintiff has failed to name as a defendant any individual who was allegedly involved in these incidents. Accordingly, these additional claims are dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from an immune party.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 7, 2022

Martin Reidinger
Chief United States District Judge